## STATE OF FLORIDA v GORDON, et al.

Case No. 88-74-AP

Fourth Judicial Circuit, Duval County

July 28, 1989

### APPEARANCES OF COUNSEL

**T. Edward Austin,** State Attorney and **Glenn M. Miller,** Assistant State Attorney, for appellant.

**Norman J. Abood,** for appellees.

### OPINION OF THE COURT

PETER L. DEARING, Circuit Judge.

This is an appeal by the State of Florida of an order of the County Court dismissing the charges against two dancers who allegedly violated § 150.404(b), Jacksonville Municipal Ordinance. That ordinance provides in pertinent part as follows:

"Before any person begins working on a licensed premises, he shall file a notice with the Sheriff of his intended employment on a form supplied by the Sheriff, but he may begin working as a temporary or provisional employee before the Sheriff completes his investigation."

Simply stated, the facts in this case are that the Appellees filed appropriate notices with the Sheriff's office of their intention to be employed at adult dancing establishments, which are "licensed premises" regulated by the municipal ordinance. Their respective applications indicate that they will be dancing at an adult dancing establishment different from the one at which they were checked by the Sheriff's office. When found dancing at a different establishment, they were arrested for violation of this municipal ordinance.

In their Motion to Dismiss in the County Court, the Appellees took the position that this municipal ordinance required registration before they could dance at one of these establishments, but did not require notice of intent to dance at a different establishment or some type of re-registration or transfer of their notice. Appellant, on the other hand, suggests that the intent of the ordinance is to give the Sheriff some control over the place where Appellees could work or some notice of where they intended to work. On this point, the Court is faced with the simple matter of the construction of the language of this municipal ordinance.

This municipal ordinance, as a penal statute upon which criminal charges may be brought, must be strictly construed, with any ambiguity in its requirements resolved in favor of the Appellees since each citizen is entitled to know precisely what the law is and to be able to understand what is required of him by a penal statute. Although the State suggests that the legislative intent of the City Council goes far beyond the actual language of the ordinance, the Court has not been graced with any legislative history on this ordinance and cannot confirm, except perhaps by logical inference, the Council's intent other than as clearly appears in the ordinance. The State suggests that the ordinance should be construed to require additional notification to the Sheriff of each intended transfer from one adult establishment to another, presumably with the filing of an additional notice and filing fee each time an employee intended to change locations. While the State may be correct in that this was the intent of the Council, and while this intent could have been legitimately expressed in specific provisions of the ordinance, that intent is not clearly spelled out in the ordinance, nor is the requirement to "transfer" one's notice from establishment to establishment. Had the Council intended to require a notice of intent to transfer from one licensed establishment to another, the ordinance could have specifically required this. Such a requirement cannot be "read into" a penal ordinance without doing offense to the Constitutions of the United States and the State of Florida. It may well be within the prerogative of the City Council to require transfer notices

or re-application upon transfer of employers. The ordinance, as presently written, does not require that. Accordingly, the trial court was imminently correct in dismissing these charges and its decisions is

AFFIRMED.

DONE AND ORDERED in chambers at Jacksonville, Florida, the 28th day of July, 1989.